## ISAAC P. DICKINSON *vs.* WILLIAM H. LANE.

Under a declaration for money had and received, with a bill of particulars for money paid for a horse sold by the defendant to the plaintiff with a warranty, and returned by the plaintiff for breach of the warranty, the plaintiff cannot recover upon proof of a rescission of the contract and return of the horse by him to the defendant.

CONTRACT for money had and received. The bill of particulars filed with the declaration was as follows: "William H. Lane to Isaac P. Dickinson, Dr. June 17, 1870. For cash paid by the plaintiff and received by the defendant for horse sold by the defendant to the plaintiff, with warranty, and returned by the plaintiff to the defendant for breach of warranty, $110."

At the trial in the superior court, before *Rockwell*, J., it appeared that the plaintiff purchased the horse, and returned it to the defendant on the day following the sale. There was conflicting evidence as to the warranty and the breach. The plaintiff introduced evidence tending to show that, after the return of the horse, the defendant asked him why he had returned the horse; that he replied that the horse was unsound, and demanded the return of the money paid for it; and that the defendant promised to send the money to him next day, but failed to do so.

The plaintiff requested the judge to instruct the jury " that even if there was no warranty, or if there was a warranty and no breach, yet if, after the plaintiff had returned the horse to the defendant and the defendant was notified by the plaintiff of the reasons, the defendant promised to repay him the money he had paid for the horse, then there was such a rescission of the contract that the plaintiff was entitled to recover the price paid for the horse." But the judge declined so to instruct the jury, and ruled that, " under the pleadings, the plaintiff could not recover unless the jury were satisfied that there was a warranty which was broken." The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*H. Morris*, for the plaintiff.

*G. M. Stearns*, (*M. P. Knowlton* with him,) for the defendant.

AMES, J. The plaintiff's declaration (of which the bill of particulars must be considered as a part, — Gen. Sts. *c.* 129, § 10) charges that the defendant warranted the horse, and that the warranty was broken. He rests his claim to recover back the purchase money upon no other ground. Upon the case presented by the declaration, if there was no warranty or no breach, the money was properly paid, and in equity and good conscience belonged to the defendant. *Stone* v. *Knight*, 23 Pick. 95. The ruling which the plaintiff requested the court to make was substantially that he should be excused from proving the vital elements of his case, as he had seen fit to present it for trial. A subsequent agreement to rescind the original contract, and return the money, was an entirely different matter, of which the declara-

tion gave no intimation, and plainly was not allowable as a ground of claim in this action without an amendment. The ruling requested was therefore rightly refused.

*Exceptions overruled.*